**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Martinez,<br><br>        Plaintiff,<br><br>vs.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-18-03441-PHX-SPL<br><br>**ORDER** |

Plaintiff Michael Martinez seeks judicial review of the denial of his application for child's insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 405(g). Plaintiff argues that the Administrative Law Judge ("ALJ") erred by according inadequate weight to medical opinions and rejecting his subjective complaints (Doc. 11 at 1).

To be eligible for child's insurance benefits, Plaintiff must establish disability prior to attaining the age of twenty-two, or more specifically, he must establish disability on or before December 7, 2003. *See* 42 U.S.C. § 402(d)(1)(B). The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration's decision to deny benefits should be upheld unless it is based on legal error or is not supported by substantial evidence. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss*

*v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). The Court must review the record as a whole and consider both the evidence that supports and the evidence that detracts from the ALJ's determination. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

### A. PLAINTIFF'S CREDIBILITY

Plaintiff argues the ALJ erred in her analysis of Plaintiff's credibility (Doc. 13 at 4). In evaluating a claimant's testimony, the ALJ is required to engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ must decide whether the claimant has presented objective medical evidence of an impairment reasonably expected to produce some degree of the symptoms alleged. *Id*. If the first test is met and there is no evidence of malingering, the ALJ can reject the testimony regarding the severity of the symptoms only by providing specific, clear, and convincing reasons for the rejection. *Id*. Here, the ALJ found Plaintiff's medical impairments could reasonably be expected to cause some of the alleged symptoms, but concluded that his statements as to the intensity or limiting effects of those symptoms were not entirely credible (AR 20).[1]

Plaintiff argues the ALJ took his hearing testimony out of context (Doc. 13 at 5), and that a review of Plaintiff's activities does not conflict with an application for disability (Doc. 13 at 6). In evaluating Plaintiff's symptom testimony, the ALJ found "[t]he claimant's activity during the period at issue suggests a greater level of functioning than alleged." (AR 21). The ALJ specifically found that Plaintiff graduated high school in 2001, began attending Mesa Community College that same year, and transferred to ASU in 2004, where he earned a degree in biology in 2011 (AR 21, 59). Plaintiff also worked part time from 2001 to 2004, lived independently from 2000 to 2012 (AR 21, AR 52), and managed his symptoms without medication for a majority of that time.

Although Plaintiff's daily activities do not necessarily "conflict" with a finding *for*

---

[1] Administrative Record (*see* Doc. 14).

2

disability, the evidence is such that it could be rationally interpreted as also supporting a finding *against* disability. The Court thus finds that to reverse would require it to review the factual record de novo and re-weigh the evidence. The Court is prohibited from doing so. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) ("Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." (internal quotation marks and citation omitted)); *Flynn v. Charter*, 107 F.3d 617, 620 (8th Cir. 1997) ("Rather, 'if it is possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's findings, we must affirm the decision.'" (citation omitted)). Accordingly, the Court finds that the ALJ did not err, and provided clear and convincing reasons for rejecting Plaintiff's symptom testimony.

## B. MEDICAL OPINIONS

Plaintiff also argues that the ALJ accorded inadequate weight to the opinion of Plaintiff's therapist David C. Busch, LCSW (Doc. 11 at 6-8). Within that argument, Plaintiff further argues that the ALJ failed to even consider the opinion of psychiatrist Dr. Aimee Schwartz, M.D. (Doc. 11 at 8).

> To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence. If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence.

*Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (internal citation omitted). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). A board-certified psychiatrist is considered an "acceptable medical source" under 20 C.F.R. § 416.913(a). *See Swanson v. Comm'r of Soc. Sec. Admin.*, 274 F.Supp.3d 932, 936 (D. Ariz. 2017). In contrast, mental health therapists are considered "other sources," as opposed to "acceptable medical

sources." *See* 20 C.F.R. § 404.1502;[2] *Doney v. Berryhill*, 728 Fed.Appx. 687, 690 (9th Cir. 2018); *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2015); *see also Knapp v. Colvin*, No. 1:14-cv-3189-FVS, 2015 WL 6511614, at *12 (E.D. Wash. Oct. 28, 2015) (finding a mental health therapist or counselor did not qualify as an acceptable medical source where the services treatment team leader was not an acceptable medical source, there was no indication the therapist was supervised by a doctor, and a doctor's signature did not appear on the treatment team's opinion or elsewhere in the record). In reviewing "other source" opinions, the ALJ may discount such testimony by setting forth germane reasons for doing so.

### 1. DAVID C. BUSCH, LCSW

Plaintiff argues the ALJ failed to provide germane reasons for rejecting a letter from David C. Busch, Plaintiff's therapist from January 2003 to November 2005 (AR 1019). The short letter provided that Plaintiff "presented with a serious mental illness of Schizoaffective Disorder," "was at times difficult to understand," had limited social awareness, "[h]is ability to function was often borderline," "his condition fluctuated," and "he was unable to continue seeing me when he had an active psychosis." (AR 1019). Because the associated counseling records were not available, the ALJ found she was unable to compare the opinion to any corresponding treatment notes (AR 21).

On this record, the Court finds the ALJ did not err in finding that the conclusory opinion conflicted with Plaintiff's daily activities. (AR 21). *See Orn*, 495 F.3d at 631 (noting factors relevant to evaluating a medical opinion include the amount of supporting evidence, the quality of the explanation, and the *consistency of the opinion with the record as a whole* (emphasis added)); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (finding a medical opinion of disability premised on subjective complaints may be disregarded where the subjective complaints have been properly discounted).

---

[2] The Court notes that effective March 27, 2017, the definition of "acceptable medical source" was expanded to include licensed audiologists, licensed advanced practice registered nurses, and licensed physician assistants within their licensed scope of practice.

4

Accordingly, the Court finds the ALJ provided germane reasons for rejecting the opinion of Plaintiff's therapist, David C. Busch.

### 2. AIMEE SCHWARTZ, M.D.

Plaintiff further argues the ALJ failed to address the opinion of Plaintiff's psychiatrist, Aimee Schwartz, M.D. (Doc. 11 at 8). Defendant argues the ALJ did not fail to address the opinion as it was not presented to the ALJ until after she rendered her decision (Doc. 12 at 5). Upon review of the hearing transcript, however, it appears that Dr. Schwartz's medical source statement was, in fact, received into evidence (AR 44, 1016-1018). "Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, [s]he errs." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

Here, the Court finds the ALJ addressed Plaintiff's alleged symptoms, which Dr. Schwartz opined began in 2000,[3] and ultimately found they conflicted with Plaintiff's reported daily activities at that time. *See Isham v. Barnhart*, 163 Fed.Appx. 473, 475 (9th Cir. 2007). Accordingly, even though Dr. Schwartz was not specifically mentioned by name, because there are clear and convincing reasons for rejecting the opinion specifically discussed within the ALJ's decision, the Court finds the error to be harmless. *Id.* (finding harmless error).[4]

**IT IS ORDERED** that the final decision of the Commissioner of Social Security Administration is **affirmed**.

---

[3] Dr. Schwartz's medical source statement is from April 12, 2017, and addresses Plaintiff's limitations at that time period. As relevant here, the opinion provides generally that Plaintiff's psychosis began at age 18 in 2000 (AR 1018).

[4] Because the Court finds the ALJ provided appropriate reasons for rejecting Plaintiff's testimony based on daily activities, and subsequently provided appropriate reasons for rejecting the medical opinions based on that conduct, the Court does not address the other justifications provided in the decision and addressed in the Opening Brief. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) ("[A]n ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record.").

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and terminate this case.

Dated this 5th day of March, 2020.

Honorable Steven P. Logan
United States District Judge